IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chad J. Vinson,<br><br>            Petitioner,<br><br>vs.<br><br>Dora B. Schriro, et al.,<br><br>            Respondents. | No. CV 07-0684-PHX-PGR (ECV)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE PAUL G. ROSENBLATT, UNITED STATES DISTRICT JUDGE:

### BACKGROUND

Pending before the court is a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner Chad J. Vinson. Doc. #1. Pursuant to a plea agreement, Petitioner was convicted and sentenced on April 9, 2001, in the Maricopa County Superior Court in case number CR2000-093576. Doc. #13, Exh. A, R.O.A. 23. Petitioner pled guilty on February 5, 2001, to three counts of Aggravated Assault, and one count each of Shoplifting, Possession of Precursor Chemicals II, and Misconduct Involving Weapons. Doc. #13, Exh. A, R.O.A. 19. Petitioner was sentenced to 11 years in prison for each of the aggravated assault counts, 4.5 years for the shoplifting, 9.25 years for possessing precursor chemicals, and 4.5 years for the weapons offense. Doc. #13, Exh. A, R.O.A. 23. The trial court ordered the sentences to run concurrently with each other but consecutively to the sentences imposed in two other cases, CR1998-095291 and CR1999-015649. Id.

1 On June 19, 2001, Petitioner filed a Notice of Post-Conviction relief under Rule 32 of the Arizona Rules of Criminal Procedure. Doc. #13, Exh. A, R.O.A. 25. The trial court appointed counsel and ordered a petition to be filed. Doc. #13, Exh. A, R.O.A. 27. On February 5, 2002, Petitioner's counsel filed a Notice of Completion of Post-Conviction Review and Request for Extension of Time to Allow Defendant to File Pro Per Petition. Doc. #13, Exh. A, R.O.A. 36. In the notice, Petitioner's counsel indicated that she could find no claims for relief to raise on Petitioner's behalf. Id. Petitioner never filed a pro per petition and therefore the trial court dismissed the petition for post-conviction relief in a Minute Entry filed on March 26, 2002. Doc. #13, Exh. A, R.O.A. 39. Petitioner did not seek review in the Arizona Court of Appeals or the Arizona Supreme Court.

Petitioner filed a second Notice of Post-Conviction Relief along with a Petition for Post-Conviction Relief on April 11, 2005. Doc. #13, Exh. A, R.O.A. 40-41. In a Minute Entry filed on May 9, 2005, the trial court found that the notice and petition were untimely and concluded that Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005), do not apply retroactively to convictions that were final before those decisions were issued. Because Petitioner's convictions were already final, the trial court dismissed the notice and petition for post-conviction relief. Doc. #13, Exh. A, R.O.A. 43. Petitioner sought review in the Arizona Court of Appeals but the request was denied in an order filed on March 3, 2005. Doc. #13, Exh. B-2. Petitioner did not seek review in the Arizona Supreme Court. Doc. #13, Exh. B-3.

On February 5, 2007, Petitioner filed a third Notice of Post-Conviction Relief. Doc. #13, Exh. B-4. The trial court dismissed the notice in a Minute Entry filed on March 14, 2007. Doc. #13, Exh. B-5. Petitioner then filed a Motion to Reconsider, which the trial court denied on March 26, 2007. Doc. #13, Exh. B-6, B-7.

On April 2, 2007, Petitioner filed his Petition for Writ of Habeas Corpus in this court. Doc. #1. Petitioner alleges the following in his only ground for relief:

> My sentences were aggravated in violation of Apprendi. At the time I was sentenced Apprendi was the law. My sentence could not be enhanced without a jury - finding aggravators - except priors.

- 2 -

1  On November 5, 2007, Respondents filed an Answer to Petition for Writ of Habeas Corpus.
2  Doc. #13. Despite being informed of the opportunity to file a reply, Petitioner did not file
3  one.

**DISCUSSION**

Respondents contend that the petition should be dismissed because it was not filed within the statute of limitations period. Having failed to file a reply, Petitioner does not refute the statute of limitations argument. Because the information presented establishes that the habeas petition is untimely, the court finds that it is barred by the statute of limitations and recommends that the petition be denied on that basis.

**A.     Legal Standard**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. See 28 U.S.C. § 2244(d)(1). The statute provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

An "of-right" petition for post-conviction review under Arizona Rule of Criminal Procedure 32, which is available to criminal defendants who plead guilty, is a form of "direct review" within the meaning of 28 U.S.C. § 2244(d)(1)(A). Summers v. Schriro, 481 F.3d

- 3 -

1  710, 711 (9th Cir. 2007). Therefore, "AEDPA's one-year statute of limitations does not begin to run until the conclusion of the Rule 32 of-right proceeding, or until the expiration of the time for seeking such proceeding or review." Id.

Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2); see also Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002). However, the time between a first and second application for post-conviction relief is not tolled because no application is "pending" during that period. Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003). Moreover, filing a petition for post-conviction relief does not reinitiate a limitations period that ended before the petition was filed. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

**B.    Application**

Petitioner was convicted and sentenced on April 9, 2001. By pleading guilty, Petitioner waived his right to a direct appeal. See Ariz. R. Crim. P. 17.1(e). Petitioner had 90 days to file an "of-right" petition for post-conviction relief under Rule 32 of the Arizona Rules of Criminal Procedure. He filed a timely notice of post-conviction relief on June 19, 2001. The trial court dismissed the notice on March 26, 2002. Petitioner then had 30 days to file a petition for review in the Arizona Court of Appeals. See Ariz. R. Crim. P. 32.9(c). Petitioner did not file a petition for review and therefore the statute of limitations began to run on the day after the time for seeking review expired. The time to seek review expired on April 25, 2002, and the statute of limitations began to run the next day. The statute of limitations expired one year later on April 26, 2003.

By the time Petitioner filed his second notice of post-conviction relief in April 2005, the AEDPA statute of limitations had already expired. The time between the first and second petitions did not toll the limitations period. Nor did the filing of the second petition have any effect on the expired limitations period. Therefore, Petitioner's federal habeas petition, filed on April 2, 2007, was nearly four years too late.

1   For these reasons, the court finds that Petitioner's habeas petition is untimely under 28 U.S.C. § 2244(d)(1)(A). The court will therefore recommend that the petition be denied and dismissed.

**IT IS THEREFORE RECOMMENDED:**

That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1) be **DENIED** and **DISMISSED WITH PREJUDICE**;

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have ten days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation. See Fed. R. Civ. P. 72.

DATED this 26th day of June, 2008.

_____
Edward C. Voss
United States Magistrate Judge